UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY KALAK,

    Petitioner,

v.

KENNETH MCKEE,

    Respondent.
                                /

Case No. 2:11-cv-12476

HONORABLE SEAN F. COX

**OPINION AND ORDER GRANTING MOTION TO HOLD HABEAS
PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

    Ray Kalak, a Michigan prisoner presently confined in the Bellamy Creek Correctional Facility, Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner challenges his convictions and sentences for three counts of criminal sexual conduct in the first degree (CSC 1st), and three counts of criminal sexual conduct in the second degree (CSC 2d).  The petitioner was convicted of these offenses by a Wayne County jury and sentenced on December 21, 2006 to concurrent terms of 20 to 50 years imprisonment for the CSC 1st convictions and five to 15 years for the CSC 2d convictions. This matter comes before the Court on the petitioner's motion to hold his habeas petition in abeyance.

## I. BACKGROUND

    Following conviction, the petitioner filed a direct appeal with the Michigan Court of Appeals.  This direct appeal raised a single claim asserting that the sentencing court incorrectly applied the sentencing guidelines.  The Michigan Court of Appeals affirmed the

petitioner's sentence on March 4, 2008. The petitioner did not apply for leave to appeal with the Michigan Supreme Court.

The petitioner thereafter filed a motion for relief from judgment with the Wayne County Circuit Court under subchapter 6.500 of the Michigan Court Rules. The motion for relief from judgment asserted five grounds for relief: that the petitioner's due process rights were violated when the trial court failed to appoint an interpreter, that his conviction was obtained through the use of perjured testimony, that his trial counsel was constitutionally ineffective, and that the sentencing court violated his due process rights by basing his sentence on his lack of remorse and by imposing sentence without offering an opportunity for allocution. The trial court denied the petitioner's motion for relief from judgment on March 17, 2009. The Michigan Court of Appeals denied leave to appeal on October 30, 2009, and the Michigan Supreme Court denied leave to appeal on July 26, 2010.

The petitioner filed his federal petition on June 8, 2011. The petition asserts the five claims raised in the petitioner's motion for relief from judgment. The petition also asserts as a sixth ground for relief that the petitioner has a claim involving newly discovered evidence, jurisdictional defects and actual innocence that the petitioner will be raising in another motion for relief from judgment.

The petitioner has filed simultaneously with his petition a motion to hold his habeas petition in abeyance. In his motion, the petitioner states that he has submitted or plans to submit to the state trial court a motion for relief from judgment pursuant to Michigan Court Rules 6.500 *et seq.* to exhaust state remedies regarding newly discovered evidence, jurisdictional defects and actual innocence. The petitioner states that his habeas corpus petition and motion have been filed to preserve his rights to proceed in federal court in light of the statute of limitations.

## II. ANALYSIS

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1). Exhaustion requires the prisoner to give the state courts a full fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, petitioner states affirmatively that he has not exhausted state remedies with regard to claims involving newly discovered evidence, jurisdictional defect and actual innocence. He also states that the Michigan court rules will permit the Michigan courts to consider a second post-conviction motion in this case because the motion involves newly discovered evidence, and the Michigan rules permit subsequent motions for relief from judgment in cases of newly discovered evidence.

A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Where a petitioner has good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication of dilatory tactics, the district court should generally stay, rather than dismiss, a mixed petition. *Pace*, 544 U.S. at 417 (citing *Rhines*, 544 U.S. at 278). A petitioner's "reasonable confusion about whether a state filing would be timely would ordinarily constitute 'good cause' for him to file in federal court." *Id.* (citing *Rhines*, 544 U.S. at 278).

Petitioner filed the present petition and simultaneously filed the motion to hold the petition in abeyance to avoid the consequences of the one-year statute of limitations applicable to federal habeas petitions.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limit for a state prisoner to file a federal habeas corpus action.  *Jimenez v. Quarterman*, 555 U.S. 113, 114, 129 S. Ct. 681, 683 (2009); 28 U.S.C. § 2244(d)(1).  The time limit runs from the latest of four periods, usually from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

Petitioner has already filed with the trial court one motion for post-conviction relief, and asserts that he has or will file a second motion.  The AEDPA statute of limitations is tolled during the period any "properly filed" motion for post-judgment relief is pending in state court.  *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").  If, however, a state post-conviction motion is not properly filed in accordance with state law, the pendency of the motion does not trigger statutory tolling. See *Pace*, 544 U.S. at 417 (untimely state post-conviction petition not "properly filed," does not toll statute of limitations).  So, while a properly filed motion for relief from judgment tolls the limitations period, the Court cannot at this point determine whether the state court will determine that the motion was properly filed.  Assuming that the motion was properly filed, the court cannot determine from the face of the petition how much time remains, if any, of the one-year limitation period.  If any time remains, it is likely very little.

Under the circumstances, the Court finds that a stay is appropriate.  The petitioner potentially has good cause for his failure to exhaust, his unexhausted claims are potentially

4

meritorious, and there is no indication that he has engaged in intentionally dilatory litigation tactics. The statute of limitations for federal habeas is close to running out, if it has not done so already. Under such circumstances, a stay is appropriate. See *Rhines*, 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

The Supreme Court in *Rhines* cautioned, however, that a district court's discretion in structuring the stay is limited by the timeliness concerns in AEDPA and that a petition should not be stayed indefinitely. *Rhines*, 544 U.S. at 277. A stay should instead be explicitly conditioned on the prisoner's pursuing state remedies within a certain time period after the stay is entered and returning to federal court within a similarly brief period. *Id.* at 278. While the petitioner has sought a 90 day stay in order to exhaust his remedies, complete exhaustion may take longer. To avoid requiring the petitioner to file successive motions to extend the stay, the court will instead impose an indefinite stay conditioned on the petitioner's filing a motion for post-conviction relief with the appropriate state court within 60 days of the date of this order, if he has not filed such a motion already, and returning to this court within 60 days of the date state court exhaustion is completed. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (approving similar conditions on stay). If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed. *Palmer*, 276 F.3d at 781 (internal quotation omitted).

III. CONCLUSION

Accordingly,

IT IS ORDERED that petitioner's Motion to Hold Habeas Petition in Abeyance [Dkt. 2] is GRANTED.

IT IS FURTHER ORDERED that the petitioner may filed a post-conviction motion for relief from judgment with the appropriate state court within sixty (60) days of the date of this Court's order, if petitioner has not already filed such a motion.

IT IS FURTHER ORDERED that this case shall be HELD IN ABEYANCE pending petitioner's exhaustion of his state court remedies, provided that petitioner returns to this Court within sixty (60) days of exhausting his state court remedies and files, in the above-captioned case, a motion to lift the stay and files an amended petition adding the exhausted claims.

IT IS FURTHER ORDERED that the Clerk of the Court CLOSE this case for statistical purposes only. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

Dated: August 11, 2011                    s/ Sean F. Cox
                                          Sean F. Cox
                                          U. S. District Court Judge


I hereby certify that on August 11, 2011, the foregoing document was served upon counsel of record by electronic means and upon Ray Kalak by First Class Mail at the address

6

below:

Ray Kalak #630428
Bellamy Creek Correctional Facility
1727 West Bluewater Highway
Ionia, MI 48846


Dated:  August 11, 2011                               s/ J. Hernandez
                                                      Case Manager