## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RAY KALAK,

      Petitioner,

v.

MARY BERGHUIS,

      Respondent,

_____/

Civil No. 2:11-CV-12476
HONORABLE SEAN F. COX
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING THE MOTION FOR AN EVIDENTIARY HEARING, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE APPEAL *IN FORMA PAUPERIS*

Petitioner Ray Kalak, confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his conviction for first-degree and second-degree criminal sexual conduct. Respondent filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). Petitioner filed a reply to the motion. For the reasons stated below, the petition for a writ of habeas corpus is SUMMARILY DISMISSED WITH PREJUDICE. The Court will also deny petitioner's motion for an evidentiary hearing.

### I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

The Michigan Court of Appeals affirmed petitioner's conviction on March 4, 2008.

*People v. Kulak,* No. 276995, 2008 WL 583441 (Mich.Ct.App. March 4, 2008).  On March 20, 2008, the Michigan Court of Appeals issued an order amending the opinion to correct a clerical error related to an incorrectly labeled caption. *Id.*   Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. [1]

On September 23, 2008, petitioner, with the assistance of counsel, filed a post-conviction motion for relief from judgment with the trial court.  After the trial court denied the motion and the Michigan Court of Appeals denied leave to appeal, collateral review of petitioner's conviction ended in the state courts on July 26, 2010, when the Michigan Supreme Court denied petitioner leave to appeal from the denial of his post-conviction motion. *People v. Kalak,* 487 Mich. 851, 785 N.W. 2d 147 (2010).

On May 26, 2011, petitioner an application for writ of habeas corpus with this Court.[2] Petitioner also filed a motion to hold the petition in abeyance so that he could return to the state courts and file a second motion for relief from judgment based on newly discovered evidence.  On August 11, 2011, the Court granted the motion to hold the petition in abeyance and stayed the proceedings.  The Court conditioned the stay upon petitioner returning to the state courts and filing his post-conviction motion within sixty days of the Court's order and returning to this Court within sixty days of exhausting his state court remedies. *Kalak v. McKee*, No. 2:11-CV-12476, 2011 WL 3511500, at *3 (E.D. Mich. Aug. 11, 2011).  The

---

[1]  *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, dated October 14, 2014 [This Court's Dkt. # 13-23].

[2]  Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 26, 2011, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

2

Court expessly indicated that: "If the conditions of the stay are not met, 'the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed.'" *Id.* (internal citation omitted).

On October 12, 2011, petitioner filed his second motion for relief from judgment with the trial court. After the trial court and the Michigan Court of Appeals denied petitioner's request for post-conviction relief, the Michigan Supreme Court denied petitioner's post-conviction appeal on May 28, 2013. *People v. Kalak,* 494 Mich. 855, 830 N.W.2d 398 (2013).

On June 21, 2013, petitioner filed a motion for a new trial and a motion for a *Ginther* hearing with the trial court, which the trial court construed as a successive motion for relief from judgment and returned to petitioner on the ground that he had not met the requirements under M.C.R. 6.502(G) for filing a successive post-conviction motion. The Michigan appellate courts denied petitioner leave to appeal. *People v. Kalak,* No. 319464 (Mich.Ct.App. December 19, 2013); *lv. Den.* 496 Mich. 859, 847 N.W.2d 507 (2014).

On August 14, 2014, petitioner signed and dated a motion to lift the stay and an amended habeas petition. On September 11, 2014, the Court reopened the case to the Court's active docket, amended the caption, and granted petitioner's motion to amend the habeas petition.

## II. Discussion

The Court grants respondent's motion for summary judgment, because the petition for

3

writ of habeas corpus was not filed within the one year statute of limitations.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6ᵗʰ Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars

4

relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). A merits decision is therefore unnecessary where a district court denies a habeas petition on statute of limitations grounds. *See Bachman v. Bagley,* 487 F.3d 979, 982 (6th Cir. 2007).

In the present case, the Michigan Court of Appeals affirmed petitioner's conviction on his direct appeal on March 4, 2008. Petitioner never filed an application for leave to appeal with the Michigan Supreme Court following the affirmance of his conviction by the Michigan Court of Appeals on his appeal of right.

If a petitioner appeals to the Michigan Supreme Court, but does not petition the United States Supreme Court for a writ of certiorari, his judgment of conviction is finalized when the time for taking an appeal to the United States Supreme Court expires. The one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009); *see also Clay v. United States*, 537 U.S. 522, 527 (2003)("the federal judgment becomes final 'when this Court affirms conviction on the merits on direct review or denies a petition for a writ of certiorari,' or, if a petitioner does not seek certiorari, 'when the time for filing a certiorari petition expires'"). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court

5

within 90 days after entry of judgment." Sup.Ct. R. 13.

However, when, as in this case, a habeas petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly or timely file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012)(clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").

Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court, the highest court in the State. M.C.R. 7.302(C). The expiration of the fifty-six days represents the expiration of the time for seeking direct review of petitioner's judgment of conviction, therefore, the one-year statute of limitations began to run at that time. *Gonzalez*, 132 S.Ct. at 653–54.

Because petitioner did not file a timely application for leave to appeal to the Michigan Supreme Court, his conviction became final, for purposes of § 2244(d)(1)(A), on April 29, 2008, when the time for seeking leave to appeal with the Michigan Supreme Court expired.[3] See *Brown v. McKee,* 232 F. Supp. 2d 761, 765 (E.D. Mich. 2002); *Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner therefore had until April 29, 2009 to timely

---

[3] Respondent in their motion indicates that the 56 day period for filing an application for leave to appeal with the Michigan Supreme Court expired on May 15, 2008 and thus the limitations period commenced on that day. Respondent may have used this date based on the fact that this was fifty six days after the Michigan Court of Appeals issued their order on March 20, 2008 to correct a clerical error in their opinion. Even if this Court were to go by the later date, petitioner's habeas application is still untimely.

file his petition for writ of habeas corpus unless the limitations period was somehow tolled.

Petitioner filed his first post-conviction motion for relief from judgment on September 23, 2008, after one hundred and forty seven days had elapsed under the statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment on July 26, 2010. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999). Petitioner had two hundred and eighteen days remaining from this date, which would have been no later than March 1, 2011, to timely file his petition with this Court. Because the instant petition was not filed until almost three months later on May 26, 2011, the petition is untimely and was not filed in compliance with the AEDPA's one year statute of limitations.

Petitioner claims that he has newly discovered evidence in the form of an affidavit from his brother, Woody Kalak, dated June 15, 2011, in which petitioner's brother indicated that he was with petitioner on January 31, 2005, from approximately 4:15 p.m. until 9:20 p.m. at American Motor Lines, Inc. in Wayne, Michigan. Petitioner also claims to have

newly discovered evidence of his employment records from American Motor Lines, Inc., to prove his alibi. Petitioner also claims to have newly discovered evidence of a Michigan State Police forensic report which indicated that no seminal fluid or DNA was detected on four swabs and a sweatshirt/tank top of the victim's that were tested by the state police laboratory.

Pursuant to 28 U.S.C.§ 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond,* 295 F. Supp 2d at 771. Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* In addition, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. "Rather, it is the actual or putative knowledge of the pertinent facts of a claim that starts the clock running on the date on which the factual predicate of the claim could have been discovered through due diligence, and the running of the limitations period does not await the collection of evidence which supports the facts, including supporting affidavits." *Id.* at p. 772. Lastly, newly discovered information "that merely supports or

8

strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730 F. 3d 537, 547 (6th Cir. 2013) (quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)).

In the present case, petitioner knew about his purported alibi at the time of trial. Petitioner further indicates that appellate counsel was ineffective for failing to raise on direct appeal the issue of trial counsel's ineffectiveness in failing to present an alibi defense. Petitioner even alleges that appellate counsel was ineffective for failing to obtain an affidavit from his brother Woody in order to raise this claim on direct appeal. [4]

The AEDPA's limitations period governing a habeas petition which asserts an ineffective assistance of trial counsel claim runs pursuant to § 2244(d)(1)(D) from the date on which the petitioner learns of the underlying facts in support of his or her ineffective assistance of counsel claim. *See Bolton v. Berghuis,* 164 F. App'x 543, 546-47 (6th Cir. 2006). Because petitioner was aware of the underlying facts surrounding his ineffective assistance of trial and appellate counsel claims prior to the conclusion of the direct review of his conviction, the commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D). *Id.*

Petitioner also claims that he has newly discovered evidence of the state police laboratory report dated July 21, 2005, which indicates the absence of any seminal fluid or

---

[4] *See* Petitioner's Answer and Motion in Opposition to Respondent's Motion for Summary Judgment, pp. 5, 15.

DNA on four swabs and a sweatshirt and tank top of the victim's that had been tested. Petitioner claims that this evidence would exonerate him because it would contradict the victim's testimony that petitioner had ejaculated on her hand and she had wiped the semen onto her shirt, pants, and wall. Petitioner claims that he did not learn about the existence of this report until several years after his conviction. Petitioner claims that he only learned about this report when it was discovered by his post-conviction attorney while reviewing the court file records in this case.[5] Petitioner does not indicate the actual date that his post-conviction counsel informed him of the existence of the report. Somewhat contradictorily, petitioner indicates in his affidavit that his trial attorney was provided the report by September 22, 2006.[6] Significantly, the state post-conviction judge, in denying petitioner's second post-conviction motion, made a factual finding that this report was made available to petitioner prior to his trial. *People v. Kalak,* No. 06-0011233-01-FC, * 3 (Third Circuit Court, Criminal Division January 6, 2012). This Court is unable to accept any argument from petitioner that the factual predicate for his claim involving the laboratory report could not have been discovered sooner because any such argument is unsupported and conclusory. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002). More importantly, petitioner does not offer any explanation how the factual predicate of his claim could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover the

---

[5] *See* Affidavit of Ray Kalak, ¶ 8, dated April 10, 2015. Attached as Exhibit O to Petitioner's Answer and Motion in Opposition to Respondent's Motion for Summary Judgment.

[6] *Id.,* ¶ 5.

2:11-cv-12476-SFC-PJK   Doc # 17   Filed 05/08/15   Pg 11 of 18   Pg ID 1646

factual basis for this claim. Because petitioner has failed to establish "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," petitioner does not meet his burden of establishing that this forensic report was newly-discovered evidence which would delay the commencement of the one year limitations period. *See McSwain v. Davis*, 287 F. App'x 450, 454-55 (6th Cir. 2008).

In his response to the motion for summary judgment, petitioner argues that his petition is timely because had it been time-barred at the time of the original filing of the petition, this Court would have summarily dismissed the petition pursuant to Rule 4 of the Rules Governing Habeas Cases.

A statute of limitations defense to a habeas petition is not "jurisdictional," thus, courts "are under no obligation to raise the time bar *sua sponte*." *Day v. McDonough*, 547 U.S. 198, 205 (2006). The mere fact that this Court did not raise the limitations issue *sua sponte* does not preclude respondent from raising the issue in its motion for summary judgment.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one

11

year limitations period. *Id.*

Petitioner first contends that he should be entitled to equitable tolling because he claims that he does not understand the English language, in that he was born in Syria in 1956 and came to this country in 1984, when he was 28 years old. Petitioner claims that he has never taken any English classes, has attempted to learn English on his own, and that his understanding of English is minimal.

The Sixth Circuit has noted that courts that have considered this issue have rejected the argument that an inability to speak or to understand the English language provides a basis for a court to equitably toll the AEDPA's limitations period. *See Cobas v. Burgess,* 306 F. 3d 441, 443 (6th Cir. 2002):

> "An inability to speak, write and/or understand English, in and of itself, does not automatically give a petitioner reasonable cause for failing to know about the legal requirements for filing his claims."

*Cobas,* 306 F. 3d at 444.

Petitioner has failed to show that he was unable to communicate in English at the time of his trial, direct appeal, the filing of his first post-conviction motion, or his first habeas petition to entitle him to equitable tolling on this basis. Petitioner has attached to several of his pleadings portions of a transcript from October 6, 2006. Respondent has provided the Court an entire copy of the transcript which the Court has reviewed. Although petitioner requested the services of an interpreter, petitioner's counsel indicated that petitioner spoke English. Petitioner himself indicated to the judge that he could speak English, but had trouble understanding the meaning of certain legal terms. Petitioner, however, also

12

complained at this hearing that his attorney had never spoken to him and had not attempted to locate his witnesses. Petitioner also on his own requested a private investigator. (Tr. 10/6/06, pp. 5-13). At the time of sentencing, petitioner complained that he did not have a fair trial because his attorney did not present evidence that would have shown that petitioner was at work at the time of the crimes. Petitioner also claimed that the prosecutor did not have any proof to support his convictions. Petitioner complained that the jury did not hear his side of the story. (Tr. 12/21/06, pp. 7-9). Moreover, petitioner filed his original habeas petition and the accompanying motion to stay the proceedings in 2011 without any apparent assistance from any other inmate.

Petitioner has not shown that he was so deficient in his English language skills that he was unable to comply with the AEDPA's one year statute of limitations. Because petitioner could communicate in English at the time of trial, direct appeal, and the filing of the original petition, he is not entitled to equitable tolling. *Cobas,* 306 F. 3d at 444.

Moreover, a non-English-speaking habeas petitioner who seeks equitable tolling of the one-year limitations period on the ground that language barriers prevented him from timely filing his habeas petition " must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F. 3d 1065, 1070 (9th Cir. 2006). Petitioner has not alleged that during time following the affirmance of his conviction that he made any attempts to procure either legal materials in Arabic or translation assistance from Arabic speaking

13

family members, friends, inmates, or other sources. Petitioner is not entitled to tolling on this basis.

Petitioner also argues that the limitations period should be equitably tolled because his appellate counsel was ineffective in failing to raise certain claims on his appeal of right. Although the ineffective assistance of appellate counsel and a petitioner's substantial, involuntary delay in learning about the status of his appeal may justify equitable tolling of the limitations period, *see Keeling v. Warden, Lebanon Correctional Inst.*, 673 F. 3d 452, 462 (6th Cir. 2012), there is no allegation by petitioner that he did not receive timely notice of the denial of his appeal of right by the Michigan Court of Appeals. Because petitioner failed to exercise due diligence in pursuing his state post-conviction or federal habeas remedies after the alleged ineffectiveness of his appellate counsel, he is not entitled to equitable tolling of the limitations period. *Keeling,* 673 F. 3d at 463.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S., at 329). Moreover, in determining whether petitioner makes out a compelling case of actual innocence, so as to toll the AEDPA's limitations period, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e]

14

evidence' purporting to show actual innocence." *Id.* (quoting *Schlup,* 513 U.S. at 332). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception, because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

Petitioner claims that he is actually innocent of the crimes because he has an alibi. Woody Kalak's affidavit is suspect because he is petitioner's brother. Affidavits from family members that are created after trial are not sufficiently reliable evidence to support a finding of actual innocence. *See Milton v. Secretary, Dep't Of Corr.,* 347 F. App'x 528, 531-32 (11th Cir. 2009). Neither Woody Kalak nor petitioner explain why it took Woody Kalak some six and a half years after the incident and four and a half years after petitioner's trial to provide an affidavit in support of an alibi defense. Because Woody Kalak's credibility is suspect, his affidavit is insufficient to establish petitioner's actual innocence, so as to toll the limitations period. *See Freeman v. Trombley*, 483 F. App'x 51, 60 (6th Cir. 2012)(affidavit of petitioner's former girlfriend who provided alibi, signed 15 years after petitioner had been convicted of first degree murder, did not provide kind of extraordinary showing that was required to establish petitioner's factual innocence, to support equitable tolling of statute of limitations). Moreover, as the trial judge noted in denying petitioner's second post-conviction motion, the

employment records from American Motor Lines during the times of the assaults do not establish petitioner's actual presence at his place of employment at the time of the assaults. Petitioner is not entitled to tolling of the limitations period, because the alleged alibi evidence that he has presented has provided very little credible evidence of petitioner's innocence, so as to excuse the untimely filing of the petition. *See Turner v. Romanowski*, 409 F. App'x 922, 927-30 (6th Cir. 2011).

Petitioner further claims that the results of the laboratory report could have impeached the victim's testimony that petitioner had ejaculated on her hand and she then wiped the semen on her shirt.

A habeas petitioner's renewed attacks on a witness' credibility are insufficient to establish actual innocence for the purposes of excusing a procedural bar. *See In Re Byrd,* 269 F. 3d 561, 577 (6th Cir. 2001) (citing *Clark v. Lewis*, 1 F. 3d 814, 824 (9th Cir. 1993) (allegation that prosecution witness could have been impeached by allegedly withheld evidence did not constitute a credible claim of "actual innocence" sufficient to show that the petitioner was actually innocent of the death penalty). Evidence which merely impeaches a witness is insufficient to support a claim of actual innocence, so as to toll the one year limitations period. *See Sherratt v. Friel,* 275 F. App'x 763, 768 (10th Cir. 2008); *McMurry v. Wolfenbarger,* No. 2007 WL 2318748, * 5 (E.D. Mich. August 9, 2007). Petitioner is not entitled to tolling on this basis.

The Court will summarily deny the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

Petitioner has also filed a motion for an evidentiary hearing.  In light of the fact that the petition is time-barred, the motion is denied as moot. *See e.g. Hunt v. Stegall*, 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

The Court will also deny a certificate of appealability.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84; 120 S. Ct. 1595, 1603-04; 146 L. Ed 2d 542 (2000).  When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d at 753. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

## III.  ORDER

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **SUMMARILY DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing [Dkt. # 14] is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall be denied a certificate of appealability and leave to appeal *in forma pauperis.*


Dated:  May 8, 2015                                S/ Sean F. Cox                           
                                                   Sean F. Cox
                                                   U. S. District Judge


I hereby certify that on May 8, 2015, the foregoing document was served on counsel of record via electronic means and upon Ray Kalak via First Class mail at the address below:

RAY KALAK 630428
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444

                                                   S/ J. McCoy                    
                                                   Case Manager

18