UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY KALAK,

    Petitioner,    Civil No. 2:11-CV-12476
        HONORABLE SEAN F. COX
v.        UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION [DKT. # 19], DENYING A CERTIFICATE OF APPEALABILITY ON THE MOTION FOR RECONSIDERATION, AND DIRECTING THE CLERK OF THE COURT TO TRANSFER THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS ON APPEAL [DKT. # 21] TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On May 8, 2015, the Court summarily denied the petition for writ of habeas corpus that had been filed by petitioner pursuant to 28 U.S.C. § 2254, on the ground that the petition was barred by the statute of limitations contained within 28 U.S.C. § 2244(d)(1). The Court also denied petitioner a certificate of appealability and leave to appeal *in forma pauperis*. *Kalak v. Berghuis,* No. 2:11-CV-12476, 2015 WL 2169785 (E.D. Mich. May 8, 2015).

Petitioner has filed a notice of appeal with the United States Court of Appeals for the Sixth Circuit. [Dkt. # 20]. Petitioner has also filed a motion for reconsideration and an application to proceed *in forma pauperis* on appeal. For the reasons that follow, the motion for reconsideration is DENIED. The Court orders that the motion for leave to

1

appeal *in forma pauperis* be transferred to the United States Court of Appeals for the Sixth Circuit.

This Court lacks jurisdiction to consider petitioner's motion for reconsideration because petitioner has filed a notice of appeal in this case. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)( per curiam )); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992). Because petitioner has filed a notice of appeal, this Court lacks jurisdiction to amend its original opinion and order to consider the merits of petitioner's case. *Workman,* 958 F. 2d at 167-68; *see also Raum v. Norwood,* 93 F. App'x 693, 695 (6th Cir. 2004) (Plaintiffs deprived district court of jurisdiction over their motion for reconsideration by filing notice of appeal before district court had chance to make decision on motion to reconsider).

Moreover, even if this Court had jurisdiction over petitioner's motion for reconsideration, it would still deny the motion. E.D. Mich. LR 7.1(h) governs motions for reconsideration. Under that rule, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable

implication." *Id.*

In his motion for reconsideration, petitioner advances a number of arguments that his habeas petition was timely filed in compliance with the statute of limitations contained within 28 U.S.C. § 2244(d)(1). The Court, however, considered and rejected all of these arguments when it dismissed the petition for writ of habeas corpus on statute of limitations grounds. Even if this Court had jurisdiction to consider it, Petitioner's motion for reconsideration would be denied, because petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court summarily denied petitioner's habeas application and declined to issue a certificate of appealability or leave to appeal *in forma pauperis. See Hence v. Smith*, 49 F. Supp. 2d 547, 553 (E.D. Mich. 1999).

A certificate of appealability is required to appeal the denial of a motion for reconsideration in a habeas case. *See e.g., Amr v. U.S.,* 280 F. App's 480, 486 (6th Cir. 2008). This Court will deny petitioner a certificate of appealability, because jurists of reason would not find this Court's resolution of petitioner's motion for reconsideration to be debatable.

Petitioner's notice of appeal likewise divests this Court of jurisdiction to consider his motion that he be permitted to proceed *in forma pauperis* in the Sixth Circuit Court of Appeals. *See Johnson v. Woods,* No. 5:12–11632; 2013 WL 557271, * 2 (E.D. Mich. February 13, 2013); *Glick v. U.S. Civil Service Com'n,* 567 F. Supp. 1483, 1490 (N.D. Ill. 1983); *Brinton v. Gaffney,* 560 F. Supp. 28, 29-30 (E.D. Pa. 1983). Because jurisdiction

of this action was transferred from the district court to the Sixth Circuit Court of Appeals upon the filing of the notice of appeal, petitioner's motion to proceed *in forma pauperis* on appeal would be more appropriately addressed to the Sixth Circuit. In the interests of justice, this Court can order that petitioner's application to proceed *in forma pauperis* be transferred to the Sixth Circuit for that court's consideration. *See Baker v. Perry,* No. 2:12–10424; 2012 WL 6097323, * 2 (E.D. Mich. December 6, 2012).

**IT IS HEREBY ORDERED** that the motion for reconsideration [Dkt. # 19] is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability regarding the motion for reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer the "Application to Proceed Without Prepaying Fees or Costs on Appeal" [Dkt. # 21] to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 163

Dated: September 15, 2015   S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on September 15, 2015, the foregoing document was served on counsel of record via electronic means and upon Ray Kalak via First Class mail at the address below:

Ray Kalak 630428
EARNEST C. BROOKS CORRECTIONAL FACILITY
2500 S. SHERIDAN DRIVE
MUSKEGON HEIGHTS, MI 49444

S/ J. McCoy
Case Manager

4